10-1913-ag
Bhullar v. Holder

BIA
Schoppert, IJ
A097 527 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of July, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

GURJEET BHULLAR,
> *Petitioner,*

v.                                          10-1913-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Amy N. Gell, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; S. Nicole
                         Nardone, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gurjeet Bhullar, a native and citizen of India, seeks review of a April 28, 2010, decision of the BIA affirming the September 16, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Gurjeet Bhullar*, No. A097 527 900 (B.I.A. Apr. 28, 2010), *aff'g* No. A097 527 900 (Immig. Ct. N.Y. City Sept. 16, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, considering only the bases relied upon by the BIA as support for the adverse credibility determination.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  Because Bhullar does not challenge the pretermission of his asylum

application, and as his CAT claim was not exhausted because it was not raised before the BIA, we address only the agency's denial of withholding of removal. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005); *see also* 8 U.S.C. § 1158(a)(3).

For withholding applications such as this one, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency's adverse credibility determination is supported by substantial evidence, given the omissions in Bhullar's asylum application, the discrepancies between his

3

application and his testimony, and the internal inconsistences in his testimony.

Specifically, the IJ reasonably relied on the fact that although Bhullar did not assert that he had ever been arrested in his written application, he testified that he attended two demonstrations, and was arrested, detained and beaten on both occasions. *See id*. at 166 (for the purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."). In addition, Bhullar gave inconsistent statements regarding when he left India, testifying first that he left in July 2001 - a statement supported by his application and other affidavits - but then testified that he departed in 2002 when confronted with his passport, which showed that he arrived in Canada in 2002. *See id*. at 167 (holding that the Court should overturn the agency's adverse credibility ruling only where no reasonable fact-finder could have made such a ruling).

Bhullar argues that the agency did not properly consider the affidavits he submitted from his mother and a neighbor in India. However, the IJ reasonably declined to credit the affidavits because they were identical to

4

Bhullar's statement in his asylum application, and there was no evidence that they had been mailed from India.  *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk